### STRICKLAND *et al. v.* BENTON, superintendent.

1. Under the code of school laws, the county board of education, without sanction of popular vote, can, when the best interests of the schools so demand, divide a consolidated school district and restore the districts or parts of districts as they existed before the consolidation, although on objection by patrons an election has resulted in ratification of the consolidation by a majority of the qualified voters.

Mandamus, 38 C. J. p. 551, n. 18.
Schools and School Districts, 35 Cyc. p. 834, n. 92; p. 850, n. 94.

2. It was not error to refuse a mandamus requiring the county superintendent of schools to call an election for trustees in the consolidated district after it had been so divided by the board.

No. 6293.    MARCH 15, 1928.

Petition for mandamus.    Before Judge Yeomans.    Seminole superior court.    September 26, 1927.

On January 6, 1925, the board of education of Seminole County passed a resolution consolidating the Ward school district, the eastern part of the Lela school district, and the Iron City district into one consolidated school district, to be known as the Iron City consolidated school district.    The necessary number of patrons of said consolidated district filed their objection to said consolidation, and requested the county superintendent to call an election for the purpose of determining whether said schools should be consolidated or not.    The election was called, and resulted in a majority of the votes cast being against consolidation.    The opponents of the consolidation filed their petition to enjoin the county board of education from declaring the result of the election.    At the trial of this case a consent decree was taken, on February 19, 1926, by the terms of which a new election was called, to be held in all three of the districts affected, after a new registration list had been duly furnished by the registrars of the county.    In obedience to said decree and under its terms the county board of education passed a resolution on April 6, 1926, calling an election on the question of said consolidation, to be held on May 12, 1926, in each of the affected districts.    The election was duly advertised and held on the day designated.    Before the result of the election had been declared by the county board of education, the opponents of consolidation obtained a restraining order enjoining the county board of education from declaring the result of said election.    On the hearing of this application an order was passed refusing an injunction and dissolving the previous restraining order.    A supersedeas was obtained, the case was carried to the Supreme Court, and the judgment of the lower court was affirmed.    *Cummings* v. *Drake,* 164 *Ga.* 251 (138 S. E. 156).    Before the remittitur was sent down, the county board of education, on June 7, 1927, passed a resolution dissolving said consolidation, and restoring said districts as they existed prior to the consolidation in 1925.    This resolution recited that it was enacted because of dissatisfaction, lawsuits, litigation, elections, and unrest, for which reasons the

county board of education deemed it to the best interest of the schools and the children involved to repeal said consolidation, and place said schools back as they were before consolidation. This resolution was passed more than two years after the original act of consolidation. The official result of the election of May 12, 1926, had not been declared by the county board of education, because of the injunction and restraining order. The judgment of the Supreme Court was made the judgment of the superior court on June 21, 1927. On August 4, 1927, those who favored consolidation brought a petition against the county board of education, seeking a mandamus compelling said board to declare the result of the election held on May 12, 1926. On the hearing the trial judge made the mandamus absolute, upon the ground that the county board of education should not have passed the resolution repealing said consolidation until after the judgment of the Supreme Court had been made the judgment of the superior court, and not until after the result of the election of May 12, 1926, had been declared, by which the consolidation would have been perfected, and at which time the county board of education would have such powers as given them by law in reference to the rearrangement of the districts in such manner as they deemed to the best interests of the children and schools involved. On August 12, 1927, the county board of education declared the result of said election, the same being in favor of consolidation. On August 27, 1927, the county board of education passed a resolution putting said districts back into their original condition. These separate districts had functioned from January 6, 1927, to August 27, 1927. The county board of education passed this resolution because they deemed that the dissatisfaction with the consolidation of these districts was detrimental to the best interests of the schools of the county.

The plaintiffs in the present proceeding, on September 2, 1927, filed their petition for mandamus against the county superintendent of schools, for the purpose of compelling him to call an election for trustees in the Iron City consolidated district. On the hearing, the facts hereinbefore recited being made to appear, the trial judge refused to make the mandamus absolute, because there was no consolidated district in which to call an election for trustees. To that judgment the plaintiffs excepted.

*J. A. Drake,* for plaintiffs.   *J. T. Goree,* for defendant.

HINES, J.   The board of education of any county shall have the right, if in their opinion the welfare of the schools of the county and the best interests of the pupils so require, to consolidate two or more schools located in the same or different districts into one school, to be located by said board at a place convenient to the pupils attending the same, said schoolhouse to be located as near the center of the district or districts as practicable.   The county board of education shall have the further power, when the best interests of schools demand, to separate or divide any school district into two or more school districts, and to provide for the election of a board of trustees for each of said districts, and to do all other things for the government and control of said districts as are provided in the code of school laws for the organization and control of school districts.   Whenever in the opinion of the county board of education the best interests of a school so demand, the board has the right to consolidate two or more districts or parts of districts, or to add any part of one district to any other district, or to change the line or lines of any district at any time when in their judgment the best interests of the schools require such change into one school district, with the purpose of the election of the board of trustees and of the location of the school at some central place as hereinbefore provided; but should as many as one fourth of the patrons of the said school or schools object to the consolidation (provided that said one fourth of said patrons shall consist of at least ten), it shall be the duty of the county superintendent to call an election to be held in said district or districts affected, giving thirty days notice by publishing the same once a week for four weeks in the paper in which the county advertisements are published, and also by posting notice at least at three or more public places in the district or districts to be affected thereby, at which election should a majority of the qualified voters vote for consolidation the schools shall be consolidated; otherwise not.   Acts 1919, pp. 288, 326; 8 Park's Code Supp. 1922, §§ 1437(o), 1437(p), 1437(q).

1.   When the county board of education consolidates two or more districts or parts of districts under the power granted to said board by the provisions of the code of school laws set out in the paragraph next preceding, and, upon objection filed by the requisite

number of the patrons of the schools in the districts to be consolidated, an election is held which results in favor of their consolidation, such consolidation is not thus made final and unchangeable; but under the provision of the code of school laws, supra, the county board of education has the power, when the best interests of the schools so demand, to separate or divide such consolidated school district into two or more school districts, and to provide for the election of a board of trustees for each of said districts, and to do all other things for the government and control of said districts as are provided in the code of school laws. In dividing such consolidated school district the county board of education can restore the original districts so consolidated, notwithstanding the fact that the consolidated district was established by the county board of education, and upon objection filed by the requisite number of patrons such consolidation was ratified by a majority of the qualified voters of the school district at an election held for determining whether or not such consolidated school district should be established. While the consolidation of two or more school districts or parts of school districts by the county board of education can not become effective when objection to such consolidation is made by the requisite number of patrons of the schools affected, without the ratification of the consolidation by a majority of the qualified voters voting at an election held to determine whether or not such consolidation shall become effective, the county board of education can, without the sanction of the voters, divide the consolidated school district and restore the districts or parts of districts embraced in the consolidated school district as they existed prior to the consolidation. Nothing to the contrary of what we now hold was decided in *Board of Education of Burke County* v. *Hudson,* 164 *Ga.* 401 (138 S. E. 792).

2. After the consolidated school district was thus divided by the county board of education, and the school districts or parts of school districts embraced in the consolidated district had by the board been restored as they existed prior to the consolidation, the trial judge did not err in refusing to grant a mandamus absolute, compelling the county superintendent of schools to call an election for trustees in the consolidated school district which had been so divided.

      *Judgment affirmed. All the Justices concur.*